NB:JMM
F. #2014R00030

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

GERALD COHEN,

                Defendant.

- - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★ DEC 10 2014 ★

LONG ISLAND OFFICE

INDICTMENT

Cr. No. CR-14 637

(T. 42, U.S.C., § 7413(c)(1); T. 18,
U.S.C., §§ 2 and 3551 et seq.)

FEUERSTEIN, J

LINDSAY, M.

THE GRAND JURY CHARGES:

### INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

The Clean Air Act

      1.      The Clean Air Act, 42 U.S.C. §§ 7401 et seq., designated asbestos to be a hazardous air pollutant. 42 U.S.C. § 7412(b)(1).

      2.      The Clean Air Act directed the Administrator of the U.S. Environmental Protection Agency ("EPA") to promulgate emissions standards for hazardous air pollutants that require "the maximum degree of reduction in emissions" of such pollutants that is achievable. 42 U.S.C. § 7412(d)(2). Such standards may take the form of

2

work practice standards that require that certain procedures be followed when dealing with hazardous air pollutants. 42 U.S.C. § 7412(d)(2)(D) and (h).

3. The EPA established work practice standards governing the removal, handling and disposal of asbestos during the demolition or renovation of commercial, industrial or certain residential facilities that contain asbestos (the "asbestos work practice standards"). 40 C.F.R. §§ 61.145 and 61.150.

4. The asbestos work practice standards applied to any "owner or operator" of a demolition or renovation activity, when the combined amount of the asbestos-containing material to be stripped, removed, dislodged, cut, drilled or similarly disturbed was at least 260 linear feet on pipes, 160 square feet on other facility components, or 1 cubic meter off facility components where the length or area of the regulated asbestos-containing material could not be measured previously. 40 C.F.R. §§ 61.145(a)(4) and (a)(1).

5. "Owner or operator of a demolition or renovation activity" meant any person who owned, leased, operated, controlled or supervised the facility being demolished or renovated. 40 C.F.R. § 61.141.

6. A "facility" included any institutional, commercial or industrial "structure, installation, or building." 40 C.F.R. § 61.141. A "facility component" was "any part of a facility including equipment." 40 C.F.R. § 61.141.

7. "Renovation" meant altering a facility or one or more facility components in any way, including the stripping or removal of regulated asbestos-containing material from a facility component. 40 C.F.R. § 61.141. "Demolition" meant the "wrecking

3

or taking out of any load-supporting structural member of a facility together with any related handling operations or the intentional burning of any facility." 40 C.F.R. § 61.141.

8. The asbestos work practice standards generally required, among other things, that any person controlling or supervising the stripping, removal, dislodging, cutting or similar disturbance of regulated asbestos-containing material do the following:

(a) cause the thorough inspection of the facility to be demolished or renovated for the presence of regulated asbestos-containing material. 40 C.F.R. § 61.145(a).

(b) if such material was detected, provide the EPA with "written notice of intention to demolish or renovate" an affected facility at least ten working days before any activity begins. 40 C.F.R. § 61.145(b).

(c) certify that at least one person trained in the requirements of the asbestos work practice standards would supervise the stripping and removal of asbestos-containing material. 40 C.F.R. § 61.145(b)(4).

(d) keep all regulated asbestos-containing material adequately wet to prevent the release of any particulates, whether visible or not, during stripping, cutting, disjoining and removal. 40 C.F.R. §§ 61.141 and 61.145(c)(2) and (3).

(e) ensure that the regulated asbestos material remains adequately wet until it was collected and contained in leak-proof wrapping in preparation for disposal. 40 C.F.R. § 61.145(c)(4) and (c)(6)(i).

(f) ensure the presence of at least one on-site representative of the facility owner or operator, such as a foreman, who was trained in the provisions of the asbestos

work practice standards whenever regulated asbestos-containing material was stripped, removed, or otherwise handled or disturbed at a facility.   40 C.F.R. § 61.145(c)(8).

The Defendant and His Facility

9. Lawrence Aviation Industries, Inc. ("LAI") was a corporation organized and existing under the laws of New York State.   In or about and between 1959 and 2000, LAI manufactured titanium sheets for use in the aviation industry on a 124-acre facility in Port Jefferson Station, New York.

10. The defendant GERALD COHEN was the owner, operator, chief executive and president of LAI and exercised control over approximately ten buildings located on the LAI site (the "LAI complex"), including a former manufacturing building that included a section, approximately 10,000 square feet in size, known as the "drop-hammer room."   The defendant was the owner and operator of LAI within the meaning of the Clean Air Act's asbestos work practice standards.

11. The LAI complex, including the drop hammer room, was a facility within the meaning of the Clean Air Act's work practice standards governing asbestos.   The pipes, boiler and other components and equipment within the drop hammer room contained in excess of 260 linear feet and 160 square feet or 1 cubic meter of regulated asbestos-containing material.

12. In 2000, the EPA placed the entire LAI complex on its National Priorities List, commonly known as Superfund, to begin the process of attempting to remediate the contamination of soil and groundwater caused by decades of uncontrolled disposal of hazardous waste.

5

13. On or about September 11, 2009, the EPA caused samples to be taken from insulation inside several buildings on the LAI complex, including insulation on pipes and a boiler within the drop hammer room. Testing revealed the presence of regulated asbestos-containing material within the drop hammer room.

14. In or about May 2013, the EPA's Superfund on-scene coordinator, an individual whose identity is known to the Grand Jury, notified the defendant GERALD COHEN that, based on testing results from 2009, the drop-hammer room and its components contained regulated asbestos-containing material.

15. On or about December 1, 2013, the defendant GERALD COHEN hired John Doe 1 and John Doe 2, individuals whose identities are known to the Grand Jury, to salvage scrap metal from the pipes and boiler within the drop-hammer room, which the defendant knew to be insulated with regulated asbestos-containing material. Neither John Doe 1 nor John Doe 2 had any training in the removal of asbestos-containing material. The defendant assured John Doe 1 and John Doe 2 that the drop hammer room and its components did not contain any asbestos-containing material.

16. On or about December 2, 2013, John Doe 1 and John Doe 2, at the direction of the defendant GERALD COHEN, commenced metal salvaging work within the drop hammer room, using construction equipment to strip, cut, dislodge and pulverize what they believed to be non-asbestos material covering facility components. Having neither the training nor the equipment to comply with the asbestos work practice standards, the demolition activity resulted in the visible emission of asbestos.

6

17. At no time did the defendant GERALD COHEN provide written notice to the Administrator of the EPA of his intention to renovate or demolish the drop-hammer room as required by the Clean Air Act and the asbestos work practice standards.

## VIOLATION OF THE CLEAN AIR ACT

18. The allegations in paragraphs one through seventeen are realleged and incorporated as if fully set forth in this paragraph.

19. On or about and between November 15, 2013 and December 2, 2013, both dates being approximate and inclusive, within the Eastern District of New York, the defendant GERALD COHEN, being the owner and operator of a demolition and renovation activity, to wit: the renovation and demolition of the drop-hammer room located inside the Lawrence Aviation Industries, Inc. complex in Port Jefferson Station, New York, which facility contained at least 260 linear feet of asbestos-containing material, at least 160 square feet of asbestos-containing material, and at least 1 cubic meter of asbestos-containing material from facility components where the length or area of the regulated asbestos-containing material could not previously be measured, knowingly and intentionally violated the asbestos work practice emissions standards of the Clean Air Act of Title 42, United States Code, Sections 7412(d) and (h) in that the defendant: (a) failed to provide the EPA Administrator with written notice of his intention to renovate or demolish the drop hammer room more than ten business days before the commencement of such activity; (b) failed to keep all regulated asbestos-containing material adequately wet to prevent the release of any particulates, whether visible or not, during stripping, cutting, disjoining and removal; and (c) failed to ensure the presence of at least one on-site representative of the facility, such as a foreman, who was

trained in the provisions of the asbestos work practice standards when regulated asbestos-containing material was stripped, removed, and otherwise handled and disturbed at the drop hammer room facility.

(Title 42, United States Code, Section 7413(c)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

A TRUE BILL

*[signature]*
FOREPERSON

_____
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*[signature]*

Case 2:14-cr-00637-SJF   Document 1   Filed 12/10/14   Page 8 of 8 PageID #: 8

F. #20 R
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

GERALD COHEN,

Defendant.

## INDICTMENT

(T. 42, U.S.C., § 7413 (c) (1); T. 18, U.S.C., §§ 2 and 3551 et seq.)

A true bill.

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 20 ___

_____
Clerk

Bail, $ _____

James M. Miskiewicz, Deputy Chief Assistant U.S. Attorney
(631) 715-7841